W. Vincent Grady, S.
A petition has been filed herein by the Attorney General of the United States, praying for an order of this court, directing the Treasurer of Dutchess County, to pay over to the Attorney General of the United States, thirty-seven fortieths of the sum presently on deposit with the Treasurer of Dutchess County, as deposit for the credit of the estate of Daniel Stingel, deceased.
It appears that such petition is based upon a Vesting Order 17255 (16 Federal Register 1622), issued by the Attorney General on January 26, 1951, under United States freezing controls of 1941 (6 Federal Register 2897), by which order it is claimed all the interest of the German distributees of Daniel Stingel in and to the estate of Katharine Schauren were captured, under the authority of the ‘ ‘ Trading with the Enemy Act ” (U. S. Code, tit. 50, Appendix, § 1 et seq.) and pertinent executive orders relating thereto.
It further appears that Katharine Schauren died testate on March 2, 1937, leaving an estate consisting of approximately $1,500 in real property, and $2,800 in personal property. According to the terms of Katharine Schauren’s will, which was admitted to probate in this court on May 10, 1937, she divided her entire estate between her three brothers, John Stingel, George Stingel, and Daniel Stingel. Daniel Stingel died on July 31, 1937, a resident of Germany, leaving him surviving a widow, Margaret Stingel, and the children Dora Stelter, Heinrich Stingel, Katherine von Volte, George E. Stingel, all residing in Germany, and a daughter, Katharina Mehrer, residing in New York.
By a decree of the Surrogate’s Court of Dutchess County dated September 28, 1939, in a proceeding entitled ‘ ‘ In the Matter of the Judicial Settlement of the Account of John Stingel, as Executor of Katharine Schauren, deceased,” it was ordered and decreed that the executor deposit the sum of $1,358.13 with the County Treasurer of the County of Dutchess, “ to the Credit of the Estate of Daniel Stingel, deceased, subject to the dower interest of Margaret Stingel, widow of Daniel Stingel ” and pursuant to the said order the sum of $1,358.13, was deposited in the Dutchess County Treasurer’s office, and it now remains on deposit therein, plus the interest that has accumulated.
*1040 In answer to the petition of the Attorney General, Katharina Mehrer appeared and denied that the Attorney General is entitled to thirty-seven fortieths of the fund in question or any part thereof, and she further alleges that she is the daughter of Daniel Stingel, who was the brother of Katharine Schauren, and who died in Germany on said July 31, 1937, and that she is entitled under German law of inheritance to one half of her intestate share of the estate of Daniel Stingel, deceased. Katharina Mehrer claims that she is entitled to her father’s distributive share of the estate of Katharine Schauren, deceased, or to at least so much thereof as would equal one half of her intestate share in the estate of Daniel Stingel under German law. She further claims that Daniel Stingel left him surviving a widow and five children, and that under German law of inheritance, the widow is entitled upon intestate succession to one fourth of his estate, while his children are entitled to share in three fourths thereof, and that therefore, she is entitled to three twentieths of the estate of Daniel Stingel under German law. Katharina Mehrer further alleges that her interest in her father’s estate with interest added exceeds the funds on deposit with the Treasurer of Dutchess County, and asks that the whole of the fund now in the possession of the Treasurer of Dutchess County be paid over to her, or so much thereof as the Surrogate deems proper.
It appears that Daniel Stingel, the brother of the decedent, Katharine Schauren who died in Germany, on July 31, 1937, left a will, bequeathing his estate to his widow and children residing in Germany, and disinherited his daughter, Katharina Mehrer, who resident in the State of New York.
It further appears that Daniel Stingel died several years before the freezing order of the United States (6 Federal Register 2897), dated June 14, 1941, and the Vesting Order of the Attorney General (16 Federal Register 204), dated January 6, 1951, and filed with the Federal Register February 14, 1951 (16 Federal Register 1561), and it is claimed by Katharina Mehrer that certain renunciations and assignments by her German relatives in her favor, executed prior to the Vesting Order, defeats the Attorney General’s claim to the money now on deposit in the Dutchess County Treasurer’s Office.
Insofar as the assignments are concerned, the Attorney General claims that wholly apart from their inadmissibility as unauthenticated foreign documents they are rendered void and of no effect by Military Government Law No. 53, Executive Order 8389, as amended by 6 Federal Register 2897, General Ruling No. 12 (7 Federal Register 2991) and General Ruling *1041 No. 11a (13 Federal Register 9530) all of which render and prohibit nugatory such assignments unless duly licensed.
It appears that under German law, that if a descendant of a testator is excluded from succession, by disposition, mortis causa, he may demand his compulsory portion from the heir, said portion being equal to one half of the statutory portion.
Daniel Stingel by his German will bequeathed his estate to his widow Margaret Stingel and to his four children, Dora Stelter, Heinrich Stingel, Katherine von Volte and Georg E. Stingel, all residents of Germany, and made no bequest for his daughter Katharina Mehrer, a citizen of the United States. It is claimed by the Attorney General, that under the above-quoted provision of German law, the excluded daughter Katharina Mehrer, is entitled to demand from the named heirs under the will her compulsory portion of her father’s estate, or one half of her statutory portion. It is further claimed by the Attorney General that as the statutory share of the widow is one fourth of the estate, that of the five children would amount to three fourths thereof, or one fifth of three fourths to each child; then Katharina Mehrer, having been excluded by her father’s will is entitled to take only one half of her statutory portion of one fifth of three fourths or three twentieths, which would mean that she is entitled to three fortieths of her father’s estate, and thirty-seven fortieths would be distributable under Daniel Stingel’s will to his widow and four children living in Germany.
It is also claimed by the Attorney General that by virtue of the Vesting Order 17255, he stands in the place of and is entitled to receive the distributive shares of the persons who are named in the Vesting Order, that is the distributees of Daniel Stingel residing in Germany, despite the fact that the renunciations and assignments in favor of Katharina Mehrer by the German nationals were made prior to the Vesting Order of 1951.
Transactions between Katharina Mehrer and her German national relations who renounced and assigned their interest to her, come within the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, § 1 et seq.) and the Executive Orders issued under that legislation. Concededly assignments were not licensed by the United States Treasury Department as required by Executive Order 8389, as amended (Code of Fed. Reg. [1943 ed.] Cum. Supp. tit. 3, p. 645) and General Ruling 12 of the Secretary of the Treasury (Code of Fed. Reg. [1944 ed.] Cum. Supp. tit. 31, p. 8849).
It has been held that an assignment such as here involved, unless licensed, does not give or transfer any interest to the *1042 assignee (Okihara v. Clark, 71 F. Supp. 319; Blank v. Clark, 79 F. Supp. 373., and other authorities).
In Blank v. Clark (supra), as in the case at bar, an assignment of an interest in a decedent’s estate was executed prior to the time the successor to the Alien Property Custodian vested in himself all right, title and interest of the enemy alien in the estate.
In Propper v. Clark (337 U. S. 472) the court referring to the Executive Order No. 8785, which amended Executive Order No. 8389, said on page 484: “ The freezing order of June 14, 1941, immobilized the assets covered by its terms so that title to them might not shift from person to person, except by license, until the Government could determine whether those assets were needed for prosecution of the threatened war or to compensate our citizens or ourselves for the damages done by the governments of the nationals affected.”
That such a license is essential to an effectual transfer or assignment was emphasized by the highest court in this State, Polish Relief Committee v. Banca National ala, Rumanie (288 N. Y. 332) and reiterated in Singer v. Yokohama Specie Bank (293 N. Y. 542, 299 N. Y. 113). While the Singer case may be authority to the effect that some enforcible legal obligations can be created by an unlicensed transaction the presently pertinent holdings in that decision was that in the absence of a license, payment of any such obligation is inhibitive.
It has also been held that any such assignment executed by a resident of an occupied area not licensed by the United States Military Government is ineffectual to avoid vesting by the Alien Property Custodian (Matter of Muller, 199 Misc. 745; Kent Jewelry Corp. v. Kiefer, N. Y. L. J., Nov. 12, 1952, p. 1126, col. 2).
Reference has been made by respondent to Matter of Herter, reported in the New York Law Journal of June 21, 1948 at page 2326, column 1. However, this case holds that ' ‘ no person or agency acting in hostility to the spouse may exercise the right of election granted by our statute.” This case is authority for the fact that the Attorney General by his Vesting Order did not create any property right to make such election. This decision does not affect the position of the Attorney General in the instant case.
The court after hearing the Attorney General of the United States by Milton Laeina, Esq., Assistant to the U. S. Attorney on behalf of the petitioners, and Katharina Mehrer, respondent, represented by Stull & Stull, Esqs., of New York City, and *1043 after considering the evidence submitted, and after due deliberation thereon, the court decides and finds as follows:
That the Vesting Order of the Attorney General dated January 6, 1951, and filed with the Federal Eegister February 14,1951, with respect to the interest of the enemy nationals was made pursuant to law, and to the provisions of the Trading with the Enemy Act, and the distribution of funds of the enemy aliens now on deposit with the County Treasurer of Dutchess County in the estate of Katharine Schauren should be made as follows:
(1) By payment thereof to the Attorney General of the United States, thirty-seven fortieths of the amount now on deposit, copiprising the interest of the German nationals listed as follows : Margaret Stingel, widow, Germany, Dora Stelter, daughter, Germany, Heinrich Stingel, son, Germany, Katherine von Volte, daughter, Germany, Georg E. Stingel, son, Germany, (2) By payment of three fortieths of the amount on deposit to Katharina Mehrer, of New York. (Both payments being subject to any custodial charges due the County Treasurer for handling said fund.)
Submit decree on notice.